**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATTIJO DANIELS; GARY DANIELS, for themselves and as parents of minor C.D., | No. 21-35808 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-01041-JCC |
| v. | MEMORANDUM[*] |
| NORTHSHORE SCHOOL DISTRICT, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 7, 2022
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and SEEBORG,[**] District Judge.

Plaintiffs Pattijo and Gary Daniels, individually and on behalf of their child,

C.D., appeal from the district court's judgment granting summary judgment to

Defendant Northshore School District and affirming the determination of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

Administrative Law Judge ("ALJ") that the District did not violate the Individuals with Disabilities Act ("IDEA") and other statutes. Their primary claim is that the District denied C.D. a free appropriate public education ("FAPE"). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's factual findings for clear error and its legal conclusions de novo, including whether the District complied with the IDEA. *Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1059 (9th Cir. 2015). We affirm.

1. The district court properly affirmed the ALJ's conclusion that the District conducted an adequate evaluation of C.D. in the areas of math, reading, and writing in November 2017. In conducting an evaluation to determine IDEA eligibility, the District must "use a variety of assessment tools and strategies." 20 U.S.C. § 1414(b)(2)(A). The District must "conduct a full and individual initial evaluation" and assess the child "in all areas of suspected disability." 20 U.S.C. § 1414(a)(1)(A); 20 U.S.C. § 1414(b)(3)(B). The ALJ found that the District used multiple assessments including discrepancy model testing to evaluate C.D.'s abilities in all areas of suspected disability including math, reading, and writing. The District adequately incorporated Dr. Reilly's January 2017 testing results, including "Specific Learning Disorder with Impairment in Reading," in its ultimate finding that C.D. was not eligible for special education services in reading due to his average reading fluency scores and the lack of a "significant discrepancy"

2

between his cognitive and achievement scores in reading.

Parents' claim under Section 504 of the Rehabilitation Act of 1973 is not properly before us. That claim was not raised in the ALJ hearing or to the district court. It cannot be raised for the first time on appeal. 20 U.S.C. § 1415(l); *Kutsai v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167 (9th Cir. 2007); *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

2. The district court properly affirmed the ALJ's conclusion that the District provided C.D.'s mother with ample opportunities to meaningfully participate in an Individualized Education Program ("IEP") meeting. Procedural violations of the IDEA constitute a denial of FAPE if they "significantly impede[]" Parents' opportunity to participate in the decision-making process. 20 U.S.C. § 1415(f)(3)(E)(ii); Wash. Admin. Code § 392-172A-05105(2). Washington law provides Parents a right to inspect and review the testing records but does not require the District to provide physical copies. Wash. Admin. Code § 392-172A-05190(2)(b). Parents have not challenged the District's explanation that it could not provide physical copies to Parents as requested because the test materials had copyright protections. The District tried to accommodate the requests by offering additional time for the mother to review and process the testing protocols and data without distraction and making the school psychologist available to interpret and explain the results. Parents failed to explain how a lack of physical copies

3

prevented them from meaningfully participating in the development of C.D.'s educational program.

Further, the District did not improperly require a parent to be present at a meeting to establish an IEP. Washington law requires at least one parent to be present during the initial determination of C.D.'s eligibility for special education services. Wash. Admin. Code § 392-172A-03040(1)(a); Wash. Admin. Code § 392-172A-03050. Since parents did not meet with an evaluation team to discuss C.D.'s evaluation results, the District was not required to move forward with an IEP. Once eligibility was found, Washington law further requires that the District ensure Parents "are afforded the opportunity to participate" in IEP meetings, but it does not require the District to proceed with an IEP without parental participation. Wash. Admin. Code § 392-172A-03100. The District did not violate state law by seeking Parents' participation before proceeding with an IEP. Once Parents agreed to attend, the District moved forward with the meeting that led to the development of the IEP.

3. The district court properly affirmed the ALJ's conclusion that the May 2018 IEP was reasonably calculated to meet C.D.'s needs. The District "must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017). The IEP must be evaluated based on its appropriateness at the

time, without the benefit of hindsight. *Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1058 (9th Cir. 2012). At the time it was developed, the IEP contained measurable annual goals and a full schedule of services reasonably calculated to target C.D.'s specific learning disabilities in writing and math.

Further, C.D.'s comparative progress at a private school does not indicate that the IEP was inappropriate. Since Parents did not enroll C.D. at the District's school after he was found eligible for special education services, the IEP was never implemented, and C.D. did not have the opportunity to benefit from it. Parents failed to show that the IEP was deficient.

4. Parents' claim that the District violated its own policies and procedures is not properly before us. That claim was not raised in the ALJ hearing and cannot be raised on appeal. 20 U.S.C. § 1415(l); *Kutsai*, 494 F.3d at 1167.

**AFFIRMED.**